UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER C. PEETE,

        Petitioner,

v.                                       Case No. 19-C-232

PAUL KEMPER,

        Respondent.

---

**SCREENING ORDER**

---

On February 13, 2019, Petitioner Christopher Peete, who is currently incarcerated at Milwaukee Secure Detention Facility, filed his petition pursuant to 28 U.S.C. § 2254, challenging his state court conviction for which he is presently under a sentence of confinement. Peete was convicted of being a felon in possession of a firearm and of bail jumping. On August 5, 2011, Peete was sentenced to 3.5 years of imprisonment and 3.5 years of supervised release for being a felon in possession of a firearm to run consecutively to 2 years of imprisonment and 2 years of supervised release for bail jumping.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see

whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

I note that Peete's petition appears untimely as to his original conviction. A § 2254 federal habeas petition that challenges a state court conviction is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), a habeas petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a petition. The limitations period is tolled for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

Peete's conviction became final and the one-year statute of limitation began to run on September 10, 2015, ninety days after the Wisconsin Supreme Court denied his petition for review on June 12, 2015. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Consequently, Peete had until September 10, 2016, to file his petition. Although Peete filed a motion for postconviction relief pursuant to Wis. Stat. 974.06 on October 25, 2017, the motion has no effect on the limitations period because the period had already expired before the motion was filed. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Thus it appears Peete's petition, dated February 10, 2019, was filed nearly two and a half years after the limitations period had expired.

In his petition, however, Peete asserts a claim of actual innocence along with other constitutional claims. "A credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). "The actual innocence gateway is narrow," and a petitioner's "procedural default can be excused only if he 'presents evidence of innocence so

2

strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). A petitioner must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*, 513 U.S. at 327). "[N]ew evidence can take the form of any new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Gladney*, 799 F.3d at 896 (internal quotation marks and citation omitted). Although Peete asserts that there is no evidence that connects him to the firearm, he does not identify any new evidence that calls into question the validity of his conviction. As a result, absent the identification of new evidence that previously has not been considered, Peete's claim of actual innocence does not appear to excuse his procedural default of untimely filing his petition. Before dismissing a habeas application for untimeliness, however, a court must grant the petitioner fair notice and afford him an opportunity to present his position. *Day v. McDonough*, 547 U.S. 198, 210 (2006).

I also note that in ground 12 of his petition, Peete alleges that he is back in prison on revocation of his supervision because his probation officer retaliated against him for complaining about her and arguing with her. To the extent Peete seeks to challenge the revocation of his extended supervision, as opposed to his original conviction, his petition would appear timely and he will be allowed to proceed on that claim, assuming he has exhausted his state court remedies. No answer will be required until the court determines whether Peete's challenge to his original conviction is timely.

3

**ACCORDINGLY, IT IS ORDERED** that within 30 days of the date of this order Peete shall show cause, if any, why his application for relief under § 2254 is not time-barred. This includes identifying any new evidence that previously has not been considered in support of his claim of actual innocence and explaining in detail how it supports his claim. If Peete fails to respond within 30 days, his claims relating to his original conviction will be dismissed with prejudice and he will be allowed to proceed only on his challenge to his revocation.

**IT IS FURTHER ORDERED** that Respondent shall have 21 days following the filing of Peete's brief within which to file a response.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated this  1st  day of March, 2019.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court