UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER C. PEETE,

        Petitioner,

v.                                                            Case No. 19-C-232

PAUL KEMPER,

        Respondent.

## ORDER DISMISSING PETITION

On February 13, 2019, *pro se* petitioner Christopher Peete filed a petition under 28 U.S.C. § 2254 challenging his state court conviction and the revocation of his extended supervision. Peete was convicted of possession of a firearm by a felon and bailjumping in Milwaukee County Circuit Court on August 5, 2011, and sentenced to a total of eleven years with the first five and a half in confinement. The judgments of conviction became final on September 15, 2015, ninety days after the Wisconsin Supreme Court denied Peete's petition for review. Although Peete filed a motion for postconviction relief in the trial court in October of 2017, by that time the one-year limitations period for actions brought under § 2254 had already expired. Accordingly, Peete's petition is untimely. He was given more than sixty days to show cause why it should not be dismissed, but has still failed to do so. His petition will therefore be dismissed to the extent it challenges his state court conviction.

Peete also alleged in his petition that after he completed the confinement portion of his sentence, his extended supervision was revoked because he got into an argument with his parole officer (PO). He claims that in retaliation for his complaint to his PO's supervisor, she placed him

on a bracelet which he later cut off because of the stress of being homeless. Dkt. No. 1 at 14. Although the court initially held these allegations were sufficient to state a claim challenging his revocation, upon closer consideration, it does not appear this is so. Peete's allegation that his PO retaliated against him for arguing with her and complaining to his supervisor is conclusory. It is also implausible given the fact that state probation officers have no authority to revoke extended supervision, Wis. Stat. §§ 302.113(9), 302.335, and Peete admits he cut his electronic bracelet off. It is therefore insufficient to state a claim under § 2254. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements, *see* 28 U.S.C. § 2254 Rule 2(c), and comply with this Court's doctrines of procedural default and waiver, *see Coleman v. Thompson*, 501 U.S. 722 (1991). Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face, *see* 28 U.S.C. § 2254 Rule 4, and to deny a stay of execution where a habeas petition fails to raise a substantial federal claim, *see Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)."). Accordingly, the petition is denied.

Having disposed of this petition, the Court must decide whether to issue a certificate of appealability. Rule 11(a), Rules Governing § 2254 Petitions. The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted)

(citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

Here I conclude that reasonable jurists could not debate the outcome, and Peete has not shown the denial of any constitutional right. The certificate of appealability is therefore **DENIED**.

The petition is therefore summarily **DENIED**, and this action is **DISMISSED** in its entirety. The Clerk is directed to enter judgment denying the petition and dismissing the action. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4.

**SO ORDERED** this  28th  day of May, 2019.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court